UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTONIO RAYCHOUNI SLOCUM, SR.,
Escambia County Inmate #9702056461,
    Plaintiff,

vs.                                    Case No.:  3:22cv9571/MCR/ZCB

ESCAMBIA COUNTY EMS SHIELD #33,
    Defendant.
                                       /

## REPORT AND RECOMMENDATION

Plaintiff Antonio Raychouni Slocum, Sr. is an inmate of the Escambia County Jail. He is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.[1] After reviewing Plaintiff's complaint (Doc. 1), the Court recommends this case be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) for Plaintiff's abuse of the judicial process.

The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has held that a prisoner's complaint may be dismissed without prejudice as malicious and an abuse of process when a prisoner misrepresents his litigation

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

1

history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits).[2] Dismissal is appropriate, even if the prisoner claims a misunderstanding caused his failure to disclose litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, Section VIII of the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court. (Doc. 1 at 8-11). Question C of Section VIII asked Plaintiff if he filed any other lawsuit in federal court relating to the conditions of his confinement. (*Id.* at 10). Plaintiff checked the box for "NO." (*Id.*). At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare under penalty of perjury that the foregoing . . . is true and correct." (*Id.* at 11-12).

---

[2] A raft of Eleventh Circuit cases say the same thing. *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (concluding dismissal of prisoner's complaint as malicious for abuse of judicial process was warranted where prisoner failed to disclose a case he filed against prison officials just five months earlier and failed to disclose another case he filed six years earlier); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

Plaintiff, therefore, certified that at the time he filed this case on July 6, 2022, he had not filed any other lawsuit in federal court relating to the conditions of his confinement.[3]  That certification is false.  According to the Court's Case Management/Electronic Case Filing system (CM/ECF), Plaintiff filed *Slocum v. Escambia County Jail*, No. 3:22cv9118/MCR/ZCB on June 23, 2022, which was two weeks prior to the date he filed the current lawsuit.[4]  (3:22cv9118/MCR/ZCB (N.D. Fla. June 30 2022), Doc. 1).  Plaintiff was an inmate of the Escambia County Jail when he filed the current lawsuit and the previous lawsuit, and the previous lawsuit concerned the conditions of his confinement at the jail (mold, rust, dust, leaking toilets, lack of mental health treatment, etc.).  (*Id.*).

How does the Court know that Antonio R. Slocum in this case is the same Antonio R. Slocum in the other case?  The Escambia County inmate numbers are the same, #9702056461.

---

[3] The "filed" date is the date Plaintiff certified that he delivered the Complaint to jail officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a *pro se* prisoner's document is deemed filed on the date the prisoner delivered it to prison authorities for forwarding to the court).

[4] On June 30, 2022, the Clerk of Court sent Plaintiff a Notice to Pro Se Litigant acknowledging receipt of the complaint in Case No. 3:22cv9118/MCR/ZCB. (3:22cv9118/MCR/ZCB (N.D. Fla. June 30 2022), Doc. 3).

3

The undisclosed case, Case No. 3:22cv9118/MCR/ZCB, clearly was a previously filed lawsuit that related to the conditions of Plaintiff's confinement. As such, Plaintiff was required to identify it on the complaint form in the current case.

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. The Court will not tolerate false statements in any pleading or motion. The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that the complaint forms need not be truthfully completed.

As detailed above, Plaintiff misrepresented—under penalty of perjury—his prior litigation history on the complaint form. He did so, despite having been advised on the complaint form that "***failure to disclose all prior cases may result in the dismissal of this case.***" (Doc. 1 at 11). Consistent with that warning and the Eleventh Circuit precedent previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.[5]

Accordingly, it respectfully **RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. That the Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 2nd day of November 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[5] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction for his conduct. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**